**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAWANDA HENDERSON,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **HORIZON SERVICES, LLC,** | : | |
| **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Jawanda Henderson (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Horizon Services, LLC (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").  In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Defendant Horizon Services, LLC is a plumbing, heating and air conditioning services with a location at 900 Adams Ave., Audubon, PA 19403 and corporate headquarters located at 320 Century Blvd., Wilmington, DE 19808.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2025-01175 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated February 12, 2025.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## **MATERIAL FACTS**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is female.

21. On or about July 29, 2024, Defendant hired Plaintiff as a Plumber Apprentice.

22. Plaintiff was well qualified for her position and performed well.

23. At the time of her hire, Plaintiff was the only female Plumber employed at her location.

24. There were twenty-two (22) Plumbers employed at that location, all of whom were male.

25. Throughout her employment, Plaintiff was subjected to differential treatment by male Plumbers who supervised her training.

26. Specifically, several male Plumbers only permitted Plaintiff to watch them perform work, but refused to allow her to perform any hands-on work herself.

27. Upon information and belief, male Plumber Apprentices who were in training at the same time as Plaintiff were permitted to perform hands-on work during their training.

28. Prior to her termination, Plaintiff had not received any written warnings, write-ups, or disciplinary actions regarding her work performance.

29. On or about September 25, 2024, while operating a Defendant company vehicle in the course of her employment duties, Plaintiff was issued a traffic citation for passing a school bus that had activated its stop sign.

30. Plaintiff was already in motion when the bus began to deploy the stop sign.

31. On or about October 8, 2024, Jonathan Detrano (male), Plumbing Manager, called Plaintiff into his office and questioned her regarding the September 25, 2024 traffic incident.

32. During this meeting, Detrano falsely accused Plaintiff of texting and driving.

33. Plaintiff denied this false accusation.

34. Despite this, Detrano terminated Plaintiff over the incident.

35. The traffic citation was the first and only disciplinary incident during Plaintiff's employment.

4

36. Upon information and belief, at least one male employee was involved in a motor vehicle accident while operating a company vehicle and was not terminated or otherwise subjected to the same adverse employment action as Plaintiff.

37. Upon information and belief, several male Plumbers employed by Defendant, including Josh Last Name Unknown ("LNU") engaged in repeated instances of no-call/no-show absenteeism and failed to report to their assigned work sites.

38. These male employees were not terminated for these violations of Defendant's policies.

39. Defendant's proffered reason for ending Plaintiff's employment, specifically, the September 25, 2024 traffic citation, is pretextual.

40. Defendant selectively enforced its policies against Plaintiff, the only female Plumber at her location, while male employees who engaged in conduct of equal or greater severity were not subjected to the same adverse employment action.

41. Defendant discriminated against Plaintiff due to her sex in violation of Title VII and the PHRA.

42. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – GENDER DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

43. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

44. Plaintiff is a member of protected classes in that she is female.

45. Plaintiff was qualified to perform the job.

46. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

47. Circumstances exist related to the above cited employment actions that give rise to an

inference of discrimination.

48. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

49. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

50. Defendant terminated Plaintiff.

51. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

52. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

53. Plaintiff is a member of protected classes in that she is female.

54. Plaintiff was qualified to perform the job.

55. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

56. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

57. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

58. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

59. Defendant terminated Plaintiff.

60. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jawanda Henderson, requests that the Court grant her the following relief against Defendant:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Liquidated damages;

(d)   Emotional pain and suffering;

(e)   Reasonable attorneys' fees;

(f)   Recoverable costs;

(g)   Pre and post judgment interest;

(h)   An allowance to compensate for negative tax consequences;

(i)   A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j)   Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training  programs, policies, practices and programs which provide equal employment opportunities;

(k)   Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)   Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and

65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: May 13, 2026                    By:    */s/David M. Koller*
                                             David M. Koller, Esquire
                                             Jordan D. Santo, Esquire
                                             2043 Locust Street, Suite 1B
                                             Philadelphia, PA 19103
                                             215-545-8917
                                             davidk@kollerlawfirm.com
                                             jordans@kollerlawfirm.com

                                             *Counsel for Plaintiff*